BRIAN KRIPPENDORF
PRO PER
1036 Colorado Avenue, 2-I
Palo Alto, CA 94303
Telephone: (650) 248-6475
Email: bkrippendorf@gmail.com

FILED
JUN 20 2016
SUSAN Y. SOONG
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TANYA NEMCIK ) CASE NO.: 16CV-02777-JD
)
 Plaintiff )
) DEFENDANT BRIAN KRIPPENDORF'S
v. ) OBJECTION TO PLAINTIFF'S
) SUBMISSION OF CONFIDENTIAL
~~CONTRA COSTA SUPERIOR COURT~~ ) INFORMATION IN HER COMPLAINT
)
San Mateo  Defendants et al, )
Police, )
)
)

Defendant Brian Krippendorf hereby objects to the disclosure of his minor children's confidential and sensitive information submitted by the children's mother, Plaintiff, Tanya Nemcik attached as exhibits to her complaint. Said information includes the children's social security numbers and personal medical information. His objection is based on the following grounds:

Brian Krippendorf has been awarded sole legal and sole physical custody of said minor children. A copy of the filed endorsed court order is attached hereto as **Exhibit A**.

According to Family Code Section 3006, when a parent is awarded sole legal custody of the minor child(ren) that parent has sole decision power making regarding the children's health, education and welfare. Plaintiff does not possess the right or legal authority to release the children's medical information or social security numbers. Defendant does not want the

children's private information disclosed in a public forum. The children's medical information and social security numbers are neither relevant nor necessary to Plaintiff's complaint. The children could be prejudiced for years to come by the disclosure of their confidential social security numbers. Further, there is no logical nexus between Plaintiff's complaint and the disclosure of the children's social security and medical information.

Tanya Nemcik's custodial rights have been limited due to her inability to make decisions consistent with the children's best interests. Her conduct has been found to be detrimental to the children. Her decision to publish her children's medical information and social security numbers is contrary to their best interests.

Brian Krippendorf requests that the children's medical records and social security be sealed or alternatively redacted to preserve the children's confidentiality.

Dated: June 20, 2016

By

Brian Krippendorf
1036 Colorado Avenue, 2-I
Palo Alto, CA 94303
(650) 248-6475

# EXHIBIT A

STACEY M. STEVENS, SBN #222789
LAW OFFICE OF STACEY M. STEVENS
158 W. Linda Mesa Avenue
Danville, CA 92526
T. (925) 361-2595
F. (925) 361-2722

Attorney for Respondent
**BRIAN KRIPPENDORF**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| TANYA NEMCIK, | Case No. D09-01592 |
| Petitioner, | TRIAL ORDER |
| vs. | |
| BRIAN KRIPPENDORF, | Trial Date: November 25, 2013 |
| | Time: 8:30 a.m. |
| Respondent | Department: 21 |

Petitioner, Tanya Nemcik, self-representing, and Respondent, Brian Krippendorf, represented by Stacey Stevens of the Law Office of Stacey M. Stevens appeared at court trial on October 17, 29, and November 25, 2013 in Department 21.

**Procedure.** On December 24, 2012, Respondent obtained an ex parte visitation order which provided Petitioner's visitation on Christmas Eve would be professionally supervised. On January 14, 2013 Respondent filed a temporary domestic violence restraining order against Petitioner. Trial regarding Respondent's motions was originally scheduled for May 30, 2013. The parties agreed to continue trial to September 5, 2013. Respondent continued the trial date two weeks due to his work schedule to September 18, 2013. The parties subsequently stipulated to continue trial one last time to October 17, 2013.

The court rules on the matters before it as follows:

**Domestic Violence Restraining Order.** The court finds Petitioner wrote and sent the January 10, 2013 email which formed the basis of Respondent's application for a domestic

violence restraining order. The email is harassing and threatens Respondent's employer and the children's school. A three year restraining order is granted. Petitioner cannot take any action to obtain Respondent's address. A filed endorsed copy of the Restraining Order After Hearing is attached hereto and incorporated herein as Exhibit A. The children are not included in the restraining order as protected parties as the custody order issued herein will better address Respondent's concerns.

**Child Custody and Visitation.** Respondent is granted sole legal custody of the children: Tyler Krippendorf (date of birth 4/13/06) and Christopher Krippendorf (date of birth 1/8/08). He shall be permitted to make all legal decisions regarding the children's health, education and welfare. Petitioner shall have the right to obtain all otherwise confidential information regarding the children's health, education and welfare.

Respondent shall have sole physical custody of both children.

Petitioner shall be entitled to supervised visits with the children of up to six hours per week. Specific scheduling to be set by the supervisor.

Any other contact with children and Petitioner must occur via supervision.

Based on all the evidence presented, it is in the children's best interests to adopt the recommendation for the parenting plan dated March 14, 2013 as outlined by Sue Mayo of Family Court Services. In considering the best interests the court considered the health, safety, welfare of the kids, the nature and amount of contact with Petitioner and the children and her consistent failure to exercise all of her time that she does have with the children. Although part of the recent failure by Petitioner to exercise all of her time has to do with her objection to the visitation supervisor, it has been a continual pattern that Petitioner has not exercised all of the time that is allotted to her.

The court finds it is detrimental to the children to fear the police are going to be contacted as they were in September of 2013 over things that are stated during visitation with Petitioner which was professionally supervised. That occurrence is an example of why all of Petitioner's visits with the children shall be supervised. The court orders continued supervised visitation between Petitioner and the children because it appears that Petitioner constantly believes

Respondent is molesting or abusing the children in some way. Petitioner continues to report false allegations of abuse. Her conduct is detrimental to the children.

Neither parent will make or allow others to make negative comments about the other parent or the other parent's past or present relationships, family, or friends within hearing distance of the children.

Respondent must notify Petitioner 30 days prior to any planned change in residence of the children. The notification must state, to the extent known, the planned address of the children, including the county and state of the new address. The notification mus be sent certified mail, return receipt requested.

Neither parent may use such information for the purpose of harassing, annoying, or disturbing the peace of the other or invading the other's privacy. If a parent has an address with the State of California's Safe at Home confidential address program, no residence or work address is needed.

Each parent shall keep the other properly informed of all significant information regarding the children's health, education and welfare.

Each parent must notify the other parent of his or her current address, telephone number and email address within 48 hours of any change, unless precluded by a restraining order JK

The terms and conditions of this order may be added to or changed as the needs of the children and parent's change. Such changes will be in writing, dated and signed by both parents; each parent will retain a copy. If the parents want ta change to be a court order, it must be filed with court in the form of a court document.

This custody order is a permanent custody order under *Montenegro v. Diaz*. In order to modify the child custody orders contained herein the moving party must demonstrate a change in circumstances.

The court has jurisdiction to make child custody orders in the case under the Uniform Child Custody Jurisdiction and Enforcement Act (part 3 of the California Family Code, commencing with section 3400)

The responding party was given notice and an opportunity to be heard, as provided by the

law of the State of California.

The country of habitual residence te children in this case is the United States.

If this order is violated, civil or criminal penalties or both may be imposed.

Petitioner is not required to continue in therapy. The decision to attend therapy is left to Petitioner to decide. If Petitioner decides to pursue individual therapy, any therapist that Petitioner elects to see may review a copy iof Doctor Olesen's child custody evaluation report and a copy of the prior Family Court Services reports.

Attorney Fees. Respondent's request for attorney fees is denied. He has not met his burden under Family Code section 2030.

IT IS SO ORDERED.

Dated: 9/29, 2014

Honorable. Jill C. Fannin,
JUDGE OF SUPERIOR COURT

Approved as to form:

**Held for 25 Days
Per CRC 5.125**

Tanya Nemcik,
Petitioner

**Clerk stamps date here when form is filed.**

2013 DEC 24 P 3:17

① **Name of Protected Person:**

BRIAN KRIPPENDORF

Your lawyer in this case *(if you have one)*:
Name: Stacey Stevens     State Bar No.: 222789
Firm Name: LAW OFFICE OF STACEY STEVENS
Address *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*
Address: 158 W. Linda Mesa Avenue
City: Danville, CA 94523  State: CA   Zip:
Telephone: 925.361.2595   Fax: 925.361.2722
E-Mail Address: stacey@staceystevenslaw.com

*Fill in court name and street address:*
Superior Court of California, County of
Contra Costa
751 Pine Street
P.O. Box 911
Martinez, CA 94553

*Fill in case number:*
**Case Number:**
D09-01592

② **Name of Restrained Person:**

TANYA NEMCIK

**Description of restrained person:**

Sex: ☐ M ☒ F  Height: 5'10"  Weight: 140  Hair Color: Blonde  Eye Color: Green
Race: Caucasian                         Age: 37   Date of Birth: 5/12/1975
Mailing Address *(if known)*: 3216 View Drive
City: Antioch                State: CA         Zip: 94509
Relationship to protected person: former girlfriend/parent of children

③ ☐ **Additional Protected Persons**

In addition to the person named in ①, the following persons are protected by orders as indicated in item ⑥ and ⑦ *(family or household members)*:

| Full name | Relationship to person in ① | Sex | Age |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

☐ *Check here if there are additional protected persons. List them on an attached sheet of paper and write, "DV-130, Additional Protected Persons" as a title.*

④ **Expiration Date**

The orders, except as noted below, end on

*(date):* 11/25/16    at *(time):* _____   ☐ a.m. ☐ p.m. or ☒ midnight

- *If no date is written, the restraining order ends three years after the date of the hearing in item ⑤ (a).*
- *If no time is written, the restraining order ends at midnight on the expiration date.*
- *Note: Custody, visitation, child support, and spousal support orders remain in effect after the restraining order ends. Custody, visitation and child support orders usually end when the child is 18.*
- *The court orders are on pages 2, 3, 4 and 5 and attachment pages (if any).*

This order complies with VAWA and shall be enforced throughout the United States. See page 5.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2012, Mandatory Form
Family Code, § 6200 et seq.
Approved by DOJ

Martin Dean's
ESSENTIAL FORMS™

**Restraining Order After Hearing (CLETS—OAH)
(Order of Protection)
(Domestic Violence Prevention)**

DV-130, Page 1 of 6 →

Krippendorf, Brian

## 5. Hearings

a. The hearing was on *(date):* 11/25/2013 with *(name of judicial officer):* Jill Fannin

b. These people were at the hearing *(check all that apply):*
- [X] The person in ① [X] The lawyer for the person in ① *(name):* Stacey Stevens
- [X] The person in ② ☐ The lawyer for the person in ② *(name):* _____

c. ☐ The person in ① or ② must return to court on *(date):* _____
at *(time):* _____ ☐ a.m. ☐ p.m. to review *(specify issues):* _____

### To the person in ②

**The court has granted the orders checked below. Item ⑨ is also an order. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.**

## 6. [X] Personal Conduct Orders

a. The person in ② must **not** do the following things to the protected people in ① and ③:
- [X] Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, or block movements.
- [X] Contact, either directly or indirectly, by any means, including, but not limited to, by telephone, mail, e-mail or other electronic means.
- [X] Take any action, directly or through others, to obtain the addresses or locations of any protected persons. *(If this item is not checked, the court has found good cause not to make this order.)*

b. Peaceful written contact through a lawyer or process server or another person as needed to serve legal paper is allowed and does not violate this order.

c. [X] Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

## 7. [X] Stay-Away Order

a. The person in ② **must stay at least** *(specify):* 100 yards away from:
- [X] The person in ①
- ☐ The persons in ③
- [X] Home of person in ①
- [X] The job or workplace of person in ①
- [X] Vehicle of person in ①
- ☐ School of person in ①
- ☐ The children's school or child care
- ☐ Other *(specify):* _____

b. [X] Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

## 8. ☐ Move-Out Order

The person in ② must move out immediately from *(address):* _____

### This is a Court Order.

Revised January 1, 2012
Martin Dean's
ESSENTIAL FORMS™
Restraining Order After Hearing (CLETS—OAH)
(Order of Protection)
(Domestic Violence Prevention)    Krippendorf, Brian
DV-130, Page 2 of 6 →

9) **No Guns or Other Firearms or Ammunition**
   a. The person in ② cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.
   b. The person in ② must:
      - Sell to a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms within his or her immediate possession or control. This must be done within 24 hours of being served with this order.
      - File a receipt with the court within 48 hours of receiving this order that proves guns have been turned in or sold. *(Form DV-800, Proof of Firearms Turned In or Sold, may be used for the receipt.)*
   c. ☐ The court has received information that the person in ② owns or possesses a firearm.

10) ☒ **Record Unlawful Communications**
    The person in ① has the right to record communications made by the person in ② that violate the judge's orders.

11) ☐ **Animals: Possession and Stay-Away**
    The person in ① is given the sole possession, care, and control of the animals listed below. The person in ② must stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals: _____

12) ☐ **Child Custody and Visitation**
    Child custody and visitation are ordered on the attached Form DV-140, *Child Custody and Visitation Order* or *(specify other form):* _____

13) ☐ **Child Support**
    Child support is ordered on the attached Form FL-342, *Child Support Information and Order Attachment* or *(specify other form):* _____

14) ☐ **Property Control**
    Only the person in ① can use, control, and possess the following property: _____

15) ☐ **Debt Payment**
    The person in ② must make these payments until this order ends:
    Pay to: _____ For: _____ Amount: $_____ Due date: _____
    Pay to: _____ For: _____ Amount: $_____ Due date: _____
    Pay to: _____ For: _____ Amount: $_____ Due date: _____
    ☐ *Check here if more payments ordered. Attach a sheet of paper and write, "DV-130, Debt Payments" as a title.*

16) ☐ **Property Restraint**
    The ☐ person in ①. ☐ person in ② must not transfer, borrow against, sell, hide, or get rid of or destroy any property, including animals, except in the usual course of business or for necessities of life. In addition, the person must notify the other of any new or big expenses and explain them to the court. *(The person in ② cannot contact the person in ① if the court has made a "Personal Conduct" order.)*
    Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**This is a Court Order.**

Revised January 1, 2012

Martin Dean's
ESSENTIAL FORMS™

**Restraining Order After Hearing (CLETS—OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**

DV-130, Page 3 of 6 →

Krippendorf, Brian

(17) ☐ **Spousal Support**
Spousal support is ordered on the attached Form FL-343, *Spousal, Partner, or Family Support Order Attachment* or *(specify other form):* _____

(18) ☐ **Lawyer's Fees and Costs**
The person in ② must pay the following lawyer's fees and costs:
Pay to: _____ For: _____ Amount: $_____ Due date: _____
Pay to: _____ For: _____ Amount: $_____ Due date: _____

(19) ☐ **Payments for Costs and Services**
The person in ② must pay the following:
Pay to: _____ For: _____ Amount: $_____ Due date: _____
Pay to: _____ For: _____ Amount: $_____ Due date: _____
Pay to: _____ For: _____ Amount: $_____ Due date: _____
☐ *Check here if more payments ordered. Attach a sheet of paper and write, "DV-130, Payments for Costs and Services" as a title.*

(20) ☐ **Batterer Intervention Program**
The person in ② must go to and pay for a 52-week batterer intervention program and show written proof of completion to the court. This program must be approved by the probation department.

(21) ☐ **Other Orders**
Other orders *(specify):* _____

(22) **No Fee to Serve (Notify) Restrained Person**
If the sheriff or marshal serves this order, he or she will do it for free.

(23) **Service**
a. ☒ The people in ① and ② were at the hearing or agreed in writing to this order. No other proof of service is needed.
b. ☐ The person in ① was at the hearing. The person in ② was not.
  (1) ☐ Proof of service of Form DV-109 and Form DV-110 (if issued) was presented to the court. The judge's orders in this form are the same as in Form DV-110 except for the end date. The person in ② must be served. This order can be served by mail.
  (2) ☐ Proof of service of Form DV-109 and Form DV-110 (if issued) was presented to the court. The judge's orders in this form are different from the orders in Form DV-110, or Form DV-110 was not issued. Someone—not the people in ① or ③ —must personally "serve" a copy of this order to the person in ②.

(24) ☐ **Criminal Protective Order**
a. ☐ Form CR-160, *Criminal Protective Order—Domestic Violence*, is in effect.
  Case Number: _____ County: _____ Expiration Date: _____
  *(If more orders, list them on extra sheet of paper and write, "DV-130, Other Criminal Protective Orders" as a title.)*
b. ☐ No information has been provided to the judge about a criminal protective order.

**This is a Court Order.**



Revised January 1, 2012
Martin Dean's Essential Forms™

**Restraining Order After Hearing (CLETS—OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)** Krippendorf, Brian

DV-130, Page 4 of 6 →

㉕ ☐ **Attached pages are orders.**
- Number of pages attached to this six-page form: _____
- All of the attached pages are part of this order.
- Attachments include *(check all that apply):*
  ☐ DV-140   ☐ DV-145   ☐ DV-150   ☐ FL-342   ☐ FL-343
  ☐ Other *(specify):* _____

Date: December 20, 2013            _____Jell C_____
                                    Judge (or Judicial Officer)

---

**Certificate of Compliance With VAWA**

This restraining (protective) order meets all "full faith and credit" requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA) upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.

---

**Warnings and Notices to the Restrained Person in ②**

**If you do not obey this order, you can be arrested and charged with a crime.**
- If you do not obey this order, you can go to jail or prison and/or pay a fine.
- It is a felony to take or hide a child in violation of this order.
- If you travel to another state or to tribal lands or make the protected person do so, with the intention of disobeying this order, you can be charged with a federal crime.

**You cannot have guns, firearms, and/or ammunition.**



You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect.

**Instructions for Law Enforcement**

**Start Date and End Date of Orders**
The orders *start* on the earlier of the following dates:
- The hearing date in item ⑤ (a) on page 2 or
- The date next to the judge's signature on this page.

The orders *end* on the expiration date in item ④ on page 1. If no date is listed, they end three years from the hearing date.

**This is a Court Order.**

## Arrest Required If Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Penal Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6.

## Notice/Proof of Service

Law enforcement must first determine if the restrained person had notice of the orders. If notice cannot be verified, the restrained person must be advised of the terms of the orders. If the restrained person then fails to obey the orders, the officer must enforce them. (Family Code, § 6383.)

Consider the restrained person "served" (noticed) if:
- The officer sees a copy of the *Proof of Service* or confirms that the *Proof of Service* is on file; *or*
- The restrained person was at the restraining order hearing or was informed of the order by an officer. (Fam. Code, § 6383; Pen. Code, § 836(c)(2).) An officer can obtain information about the contents of the order in the Domestic Violence Restraining Orders System (DVROS). (Fam. Code, § 6381(b)(c).)

## If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, the orders remain in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, §13710(b).)

## Child Custody and Visitation

- The custody and visitation orders are on Form DV-140, items ③ and ④. They are sometimes also written on additional pages or referenced in DV-140 or other orders that are not part of the restraining order.
- **Forms DV-100 and DV-105 are not orders. Do not enforce them.**

## Enforcing the Restraining Order in California

Any law enforcement officer in California who receives, sees, or verifies the orders on a paper copy, the California Law Enforcement Telecommunications System (CLETS), or in an NCIC Protection Order File must enforce the orders.

## Conflicting Orders

A protective order issued in a criminal case on Form CR-160 takes precedence in enforcement over any conflicting civil court order. (Pen. Code, § 136.2(e)(2).) Any nonconflicting terms of the civil restraining order remain in full force. An emergency protective order (Form EPO-001) that is in effect between the same parties and is more restrictive than other restraining orders takes precedence over all other restraining orders. (Pen. Code, § 136.2.)

---

*(Clerk will fill out this part.)*

### —Clerk's Certificate—

*Clerk's Certificate*     I certify that this *Restraining Order After Hearing (Order of Protection)* is a true and
*[seal]*     correct copy of the original on file in the court.

Date: _____ Clerk, by _____ , Deputy

**This is a Court Order.**


Revised January 1, 2012    **Restraining Order After Hearing (CLETS—OAH)**    DV-130, Page 6 of 6
(Order of Protection)
(Domestic Violence Prevention)    Krippendorf, Brian



This document is a correct copy of the original on file in this office.

ATTEST: MAY 29 2015

STEPHEN H. NASH, CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA

By_____
Deputy Clerk

R. Marx