UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA NEMCIK,<br><br>             Plaintiff,<br><br>      v.<br><br>SAN MATEO POLICE DEPARTMENT, et al.,<br><br>             Defendants. | Case No. 16-cv-02777-JD<br><br>**ORDER DISMISSING CASE** |

Pro se plaintiff Tanya Nemcik has filed a complaint against 16 individuals and the San Mateo Police Department alleging federal claims under 18 U.S.C. § 1983, 18 U.S.C. § 242, and the RICO Act, 18 U.S.C. §§ 1961 *et seq.*, and state law claims for emotional distress, and medical and professional malpractice. The individual defendants include a California state court judge and family court personnel. The Court sua sponte dismisses the complaint for failure to state a claim, with leave to amend. *Shoop v. Deutsche Bank Nat'l Trust Co.*, 465 Fed. Appx. 646 at *1 (9th Cir. 2012).

A pro se complaint must be liberally construed and given the benefit of doubt, but the plaintiff must still allege sufficient facts to state a plausible claim. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). The complaint here fails that requirement with respect to the federal claims. As an initial matter, the gravamen appears to be a challenge to a California state court decree that awarded custody of plaintiffs' children to her former husband. This Court has no authority to review the judgment of a state court, *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983), and in any event, state judges and court personnel involved in custody determinations are immune from Section 1983 liability, *Meyers v. Contra Costa County*, 812 F.2d 1154, 1158-59 (9th Cir. 1987).

The remaining allegations do not add up to any kind of a plausible claim under federal law. Nemcik alleges, for example, that a San Mateo police investigator wrote a false report in 2009, Dkt. No. 1 at ¶ 33, but the complaint provides no factual allegations at all in support of that statement and it appears to be time-barred under Section 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The complaint refers to a conspiracy to deprive Nemcik of due process but again provides no facts at all in support of the contention and moreover fails to identify who the conspirators were and whether they were acting under color of state law for Section 1983 purposes. Nemcik's citation to 18 U.S.C. § 242 is inapposite because that is a criminal statute with no private right of action. And the complaint comes nowhere close to alleging facts that would support a federal racketeering claim.

Consequently, the complaint is dismissed for failing to state a plausible federal claim even under a lessened review for a pro se plaintiff. The Court declines to consider the supplemental state law claims in the absence of a cognizable federal claim. Nemcik may file an amended complaint no later than **August 8, 2016**.

If needed, Nemcik may seek assistance through the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco to provide information and limited-scope legal assistance to pro se litigants in civil cases. The Legal Help Center is located in the United States Courthouse, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Appointments may be made by dialing 415-782-8982, and additional information is available at http://www.cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: July 27, 2016

JAMES DONATO
United States District Judge